Susan G. Kumli
Acting Regional Solicitor
Boris Orlov (CSBN #223532)
Counsel for Wage and Hour
David H. Clark, Trial Attorney (PA#321457)
Karla Malagon, Trial Attorney (CSBN#320505)
Office of the Solicitor
United States Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, CA 90071
        Telephone: (213) 894-0255
        Facsimile:  (213) 894-2064
Malagon.Karla@dol.gov
Attorneys for the Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARTIN J. WALSH,**<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>                    Plaintiff,<br><br>            v.<br><br>**Reliable Delivery Service, Inc.**<br>**Dale Kirk,** individually and as managing agent of the corporate defendant;<br>**Steven Kirk,** individually and as managing agent of the corporate defendant;<br>**Tracy Acosta**, individually and as managing agent of the corporate defendant;<br><br><br>                    Defendants. | Case No. 2:21-cv-8377<br><br><br><br><br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT** (29 U.S.C. § 201 *et seq.*) |

1.     The Plaintiff, Martin J. Walsh, Secretary of Labor, brings this action to enjoin Defendants, Reliable Delivery Services Inc., Dale Kirk, individually and as managing agent of the corporate defendant, Steven Kirk, individually and as managing agent of the corporate defendant, and Tracy Acosta, individually and as managing agent of the corporate defendant (collectively, "Defendants"), from violating provisions of Sections 15(a)(2)

and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5), and to recover amounts owed under the FLSA to employees of Defendants, as listed by name in the attached Exhibit A to this complaint.

2.    This Court has subject matter jurisdiction of this action under Section 17 of the FLSA, 29 U.S.C. §217; this Court also has subject matter jurisdiction of this action under 28 U.S.C. §1331 (federal question) and §1345 (United States as Plaintiff).

3.    Defendants are employers under the FLSA:

(i)    Defendant Reliable Delivery Services, is and at all relevant times has been a California Corporation, and has an office and place of business at 8915 Sorenson Ave, Santa Fe Springs, CA 90670, within the jurisdiction of this Court, and has been engaged in the business of heavy equipment hauling, freight shipping, and towing services.

(ii)    On information and belief, Defendant Dale Kirk resides within the jurisdiction of this Court.

(iii)    Defendant Dale Kirk is and at all relevant times has been acting directly or indirectly in the interest of Reliable Delivery Services in relation to their employees in that he directly or indirectly sets and/or oversees their wages, hours and working conditions. Defendant Dale Kirk is, therefore, an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

(iv)    On information and belief, Steven Kirk resides within the jurisdiction of this Court.

(v)    Defendant Steven Kirk is and at all relevant times has been acting directly or indirectly in the interest of Reliable Delivery Services in relation to their employees in that he sets and/or oversees their wages, hours and working conditions.,  Defendant Steven Kirk is, therefore, an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

(vi)    Defendant Tracy Acosta is and at all times has been acting directly or indirectly in the interest of Reliable Delivery Services in relation to their employees

in that he sets and/or oversees their wages, hours and working conditions., Defendant Steven Kirk is, therefore, an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

(vii)   On information and belief, Tracy Acosta resides within the jurisdiction of this Court.

4.   The activities of the individual Defendants constitute, and at all times material hereto have constituted, related activities performed through unified operation or common control for a common business purpose; and are, and at all times material hereto have been, an "enterprise" as defined in FLSA § 3(r), 29 U.S.C. § 203(r).  Defendants operate a business of heavy equipment hauling, freight shipping, and towing services in which they share employees, knowledge, business practices, operations and apportion expenses and revenue from this transportation company between them.

5.   The aforesaid enterprise has, and at all times material hereto has had, employees engaged in commerce or in the production of goods for commerce, or in handling, selling or otherwise working on goods or materials which have been moved in or produced for commerce. Said enterprise has, and at all times material hereto has had, an annual gross volume of sales made or business done (exclusive of any excise taxes at the retail level, if any, that were separately stated) of no less than $500,000.00; and said enterprise constitutes, and at all times material hereto has constituted, an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s), 29 U.S.C. § 203(s).

6.   During the relevant time periods Defendants operated a towing business: 8915 Sorenson Ave, Santa Fe Springs, CA 90670.

7.   Defendants have violated the provisions of Sections 7 and l5(a)(2) of the FLSA, 29 U.S.C. §207 and §215(a)(2), by employing employees engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), 29 U.S.C. § 203(s), for workweeks longer

than 40 hours without compensating said employees for their employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

(i)     Defendants failed to pay employees overtime for all hours worked. Specifically, the employees were not compensated for pre and post-shift work that was required by the Defendant. This included the Defendants requiring drivers to arrive early to punch in, maintain vehicles, and then drive themselves to the work site locations. In addition, Defendants did not include all compensation in calculating the overtime rate.

8.     Defendants have violated the provisions of Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §211(c) and §215(a)(5), by failing to maintain, keep, and preserve accurate records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the regulations promulgated by the Plaintiff-Secretary pursuant to the authority granted in the FLSA and published in the Federal Register and known as Title 29, Code of Federal Regulations, Part 516.

(i)     Defendants did not maintain and preserve records to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek, and the amounts paid, thereby depriving, interfering and impeding the ability of the employees, and, derivatively, the Secretary, to detect, identify and have notice of the underpayment of the overtime due under the FLSA.

(ii)     On numerous occasions, Defendants required employees to clock in using punch cards at their main office before driving to their work location. Defendant employees have refused to produce or destroyed these punch card records. Instead they have only produced their own estimation excluding the pre-shift and post-shift time spent working for the Defendant. Thereby falsifying the payroll records which reflected less hours for the than the employees actually worked.

9.     Defendants also engaged in other practices that impeded the ability of the employees, and derivatively the Secretary, to detect, identify and have notice of the underpayment of overtime due under the Act.

10.     During the period covered by this Complaint, Defendants repeatedly and willfully violated and continue to violate the above-described provisions of the FLSA by knowingly and deliberately omitting work hours from employees pay and overtime calculation.

    (i)     As a result of the violations of the monetary provisions of the FLSA, there is unpaid overtime compensation due under the FLSA that is being withheld by the Defendants.

    (ii)     A judgment permanently enjoining and restraining such violations of the FLSA is specifically authorized by Section 17 of FLSA, 29 U.S.C. §217.

    (iii)     A judgment enjoining and restraining the continued withholding of unpaid overtime compensation due under the FLSA is specifically authorized by Section 17 of the FLSA, 29 U.S.C. §217.

    (iv)     Judgment awarding unpaid overtime compensation due under the FLSA, plus an additional amount, as liquidated damages, that is equal to the amount of wage and overtime compensation that accrued under the FLSA, is specifically authorized by FLSA § 16(c), 29 U.S.C. § 216(c).

WHEREFORE, cause having been shown, the Secretary prays for a judgment against Defendants as follows:

    A.     For an order pursuant to Section 17 of the FLSA, 29 U.S.C. §217, permanently enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with them, from prospectively violating the provisions of Sections 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§  215(a)(2) and 215(a)(5); and

    B.     For an order

    (i)     pursuant to FLSA § 16(c), 29 U.S.C. § 216(c) finding the Defendants

liable for any unpaid overtime compensation that may be found by the Court to be due under the FLSA plus an additional amount as and for liquidated damages, equal to any overtime compensation found to have accrued under the FLSA, to present and former employees of Defendants including the persons listed by name on the attached Exhibit A; or

      (ii)    in any instances where liquidated damages are not awarded herein, restraining, pursuant to FLSA § 17, 29 U.S.C. § 217, the Defendants, their officers, agents, servants and employees and all persons in active concert or participation with them, from continuing to withhold the payment of any unpaid overtime compensation that may be found by this Court to have accrued under the FLSA to present and former employees of Defendants including the persons listed by name on the attached Exhibit A, plus pre-judgment interest thereon; and,

      C.    Awarding the Secretary the costs of this action.

Dated: October 22, 2021

SEEMA NANDA
Solicitor of Labor

SUSAN G. KUMLI
Acting Regional Solicitor

BORIS ORLOV
Counsel for Wage and Hour

DAVID H. CLARK
Trial Attorney, Pro Hac Vice Pending

  */Karla Malagon*  
Karla Malagon, Trial Attorney
Attorneys for the Plaintiff
U.S. Department of Labor

**Complaint**

**Exhibit A**

Nicholas Anthony Acevedo
Joseph Luis Bonilla
George Lawrence Calderon
Tyler Edward Casteneda
David Joseph Cortez
Jr. Martin Espinoza
Jr. Henry Herrera
Haziel Islas-Lozano
Jose Alfredo Jiminez Marroquin
Ramon Ortiz Diego
Carl Robin Johnson
Virgus Dechion Munns
Gustavo Palomo
Kyle Ray Phillips
Arnold Quinonez
Jose Francisco Rael Jr
Jose R Romero
Victor Louis Saldana
Kevin Andrew Sandoval
Eugene Shabinaw
Alfredo Tweed