JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARTIN J. WALSH,**<br>     Secretary of Labor,<br>     United States Department of Labor,<br><br>                    Plaintiff,<br><br>          v.<br><br>**Reliable Delivery Service, Inc.**<br>**Dale Kirk,** individually and as managing agent of the corporate defendant;<br>**Steven Kirk,** individually and as managing agent of the corporate defendant;<br>**Tracy Acosta**, individually and as managing agent of the corporate defendant;<br><br><br>                    Defendants. | Case No. 2:21-cv-8377<br><br><br><br><br><br><br>**CONSENT JUDGMENT** |

Plaintiff Secretary of Labor, United States Department of Labor

("Secretary"), and Defendants RELIABLE DELIVERY SERVICE, INC., DALE

KIRK, individually and as a managing agent of the corporate defendant, STEVEN

KIRK, individually and as a managing agent of the corporate defendant, and

CONSENT JUDGMENT RE: RELIABLE DELIVERY SERVICE, INC.,
Dale Kirk, Steven Kirk, Tracy Acosta, as individuals and managing agents for the corporate defendant

1

TRACY ACOSTA, individually and as a managing agent of the corporate defendant ("Defendants"), (collectively, "Parties") have agreed to resolve the matters in controversy in this civil action and agree to the entry of this Consent Judgment and Injunction ("Consent Judgment") as provided below.

## I.   <u>ADMISSIONS BY THE PARTIES</u>

1.     Defendants admit that the Court has jurisdiction over the parties and the subject matter of this civil action and that venue lies in the Central District of California.

2.     Defendants and the Secretary agree to the entry of this Consent Judgment without contest.

3.     Defendant Reliable Delivery Service, Inc. admits that, at all relevant times it has been, a California corporation, with an office and place of business located at 8915 Sorenson Ave., Santa Fe Springs, CA 90670, within the jurisdiction of this Court, and has been engaged in the business of equipment hauling, light/heavy towing and also operates a Freeway Service Patrol Fleet.

4.     Defendants admit that they employ, and at all relevant times, have employed Reliable Delivery Service tow truck drivers since at least October 22, 2018, through the date that they signed this Consent Judgment, that Reliable Delivery Service Inc., was and is engaged in commerce within the meaning of the FLSA.

5.     Defendants admit that since at least October 22, 2018, their above-described activities constitute and at all relevant times have constituted related activities performed through unified operation or common control for a common business purpose, and are and at all relevant times have been an "enterprise" as defined in FLSA § 203(r), <u>29 U.S.C. § 203(r)</u>.

6.     Defendants admit that since at least October 22, 2018, Reliable Delivery Service engaged in commerce or in the production of goods for commerce, or in handling, selling or otherwise working on goods or materials,

which have been moved in or produced for commerce. Said enterprise has, and at all times material hereto has had, an annual gross volume of sales made or business done (exclusive of any excise taxes at the retail level, if any, that were separately stated) of no less than $500,000.00; and said enterprise constitutes, and at all times material hereto has constituted, an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s), 29 U.S.C. § 203(s).

7.      Defendants understand and expressly acknowledge that the provisions and safeguards guaranteed under the FLSA to employees apply to Reliable Delivery Service employees, including but not limited to those in Section 7 of the Fair Labor Standards Act ("FLSA") for failing to pay overtime premiums to employees for hours worked in excess of 40 in any single week per title 29 of the Code of Federal Regulations ("C.F.R.") sections 78.100 and 778.108.

8.      Defendants understand and expressly acknowledge that paying any of their employees who in any workweek are engaged in commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, less than one and half times the particular employee's regular hourly rate for hours in excess of 40 hours in a workweek is specifically prohibited under Sections 7 and 15(a)(2) of the FLSA and may subject Defendants to equitable and legal damages and civil contempt.

9.      Defendants understand and expressly acknowledge that failing to make, keep, and preserve records of their employees and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations issued, and from time to time amended, pursuant to Section 211(c) of the FLSA and found in 29 C.F.R. Part 516, including for each employee, the hours worked each day and each workweek, the employee's regular hourly rate of pay, total daily or weekly straight time earnings, overtime rate of pay, total premium pay for overtime hours and identification of each deduction made from the employees' earnings along with a description of the basis/reason and method of

CONSENT JUDGMENT RE: RELIABLE DELIVERY SERVICE, INC.,
Dale Kirk, Steven Kirk, Tracy Acosta, as individuals and managing agents for the corporate defendant

3

calculation of the deduction is specifically prohibited under Sections 11(c) and 15(a)(5) of the FLSA and may subject Defendants to equitable and legal damages and civil contempt.

## II.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

Having considered the submissions made in connection with the proposed settlement, the representations, arguments, recommendation of counsel for the parties, and the requirements of law, the Court hereby makes the following findings of fact and conclusions of law in support of its Final Order and Judgment approving the Consent Judgment.

10.    This Court has jurisdiction over the parties and the subject matter of this civil action, and venue lies in the Central District of California.

11.    Defendants and the Secretary have agreed to entry of this Consent Judgment without contest.

12.    Defendants and any individual or entity acting on their behalf or at their direction have notice of, and understand, all provisions of this Consent Judgment.

13.    Defendant Reliable Delivery Service, Inc. is, and at all relevant times has been, a California corporation, with an office and place of business located at 8915 Sorenson Ave., Santa Fe Springs, CA 90670, within the jurisdiction of this Court, and has been engaged in the business of equipment hauling, light/heavy towing and also operates a Freeway Service Patrol Fleet.

14.    Since at least October 22, 2018, its above-described activities constitute and at all relevant times have constituted related activities performed through unified operation or common control for a common business purpose, and are and at all relevant times have been an "enterprise" as defined in FLSA § 3(r), 29 U.S.C. § 203(r).

15.    Since at least October 22, 2018, Reliable Delivery Service handled goods that had been moved in commerce, as they regularly handle goods that had

CONSENT JUDGMENT RE: RELIABLE DELIVERY SERVICE, INC.,
Dale Kirk, Steven Kirk, Tracy Acosta, as individuals and managing agents for the corporate defendant

4

or have been shipped from places outside of the state of California.  Its enterprise has, and at all relevant times has had, an annual gross volume of sales made or business done of no less than $500,000.00; and said enterprise constitutes, and at all relevant times has constituted, an "enterprise engaged in commerce" as defined by FLSA § 3(s), 29 U.S.C. § 203(s).  As such, Reliable Delivery Service tow truck drivers are covered by the FLSA, including its wage and recordkeeping provisions.

16.     The provisions and safeguards guaranteed under Section 7 of the Fair Labor Standards Act ("FLSA") apply to Reliable Delivery Service employees. These include overtime pay premiums for employees for hours worked in excess of 40 in any single week pursuant title 29 of the Code of Federal Regulations ("C.F.R.") sections 78.100 and 778.108, and for pay of a regular rate of at least the local minimum wage per 29 C.F.R. 778.5 and 778.315.

17.     Paying any employees who in any workweek are engaged in commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, less than one and half times the particular employee's regular hourly rate for hours in excess of 40 hours in a workweek is specifically prohibited under Sections 7 and 15(a)(2) of the FLSA and may subject Defendants to equitable and legal damages and civil contempt.

18.     Failing to make, keep, and preserve records of employees and of the wages, hours and other conditions and practices of employment, as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA and found in 29 C.F.R. Part 516, including for each employee, the hours worked each day and each workweek, the employee's regular hourly rate of pay, total daily or weekly straight time earnings, overtime rate of pay, total premium pay for overtime hours and identification of each deduction made from the employees' earnings along with a description of the basis/reason and method of calculation of the deduction is specifically prohibited under Sections 11(c) and 15(a)(5) of the FLSA and may subject Defendants to equitable and legal damages,

CONSENT JUDGMENT RE: RELIABLE DELIVERY SERVICE, INC.,
Dale Kirk, Steven Kirk, Tracy Acosta, as individuals and managing agents for the corporate defendant

5

and civil contempt.

19.     Withholding payment of $71,513.08 which constitutes the back wages, liquidated damages, and interest agreed to be due to the present and former tow truck drivers, who are identified by name and amounts owed in Exhibit A, attached hereto, is specifically prohibited under Section 15(a)(3) of the FLSA and may subject Defendants to equitable and legal damages, and civil contempt.

## III.   JUDGMENT AND ORDER

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 217 of the FLSA, 29 U.S.C. § 217, Defendants RELIABLE DELIVERY SERVICE, INC., DALE KIRK, STEVEN KIRK, TRACY ACOSTA, their officers, agents, servants, employees, successor companies, parties in interest, and all persons and entities acting at their direction or in concert or participation with it, are enjoined and restrained from violating the FLSA, including through any of the following manners:

20.     Contrary to Sections 7 and 15(a)(2) of the FLSA, paying any of their employees who in any workweek are engaged in commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, less than one and half times the particular employee's regular hourly rate for hours in excess of 40 hours in a workweek;

21.     Contrary to Sections 11(c) and 15(a)(5) of the FLSA, failing to make, keep, and preserve records of their employees and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA and found in 29 C.F.R. Part 516, including for each employee, the hours worked each day and each workweek, the employee's regular hourly rate of pay, total daily or weekly straight time earnings, overtime rate of pay, total premium pay for overtime hours and identification of each deduction made from the employees' earnings along with a description of the basis/reason and method of

CONSENT JUDGMENT RE: RELIABLE DELIVERY SERVICE, INC.,
Dale Kirk, Steven Kirk, Tracy Acosta, as individuals and managing agents for the corporate defendant

6

calculation of the deduction;

22.     Withholding payment of $36,307.03 which constitutes the back wages, due to the present and former employees, who are identified by name and amounts owed in Exhibit A, attached hereto.

**FURTHER, JUDGMENT IS HEREBY ENTERED,** pursuant Section 16(c) of the FLSA, 29 U.S.C. § 216(c), in favor of the Secretary and against Defendants in the amount of $71,513.08.  Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT**

23.     Defendants shall not withhold payment of $36,307.03 in overtime back wages and interest hereby due under the FLSA and this Judgment, to employees on Exhibit A.  In addition, liquidated damages in the amount of $36,307.03 are hereby due and will be paid under the FLSA by the Defendant to the employees on Exhibit A.

24.     Defendants, jointly and severally, will further pay the Department of Labor an additional sum of $3,000 in civil monetary penalties assessed against Defendants and finally determined, pursuant to FLSA Section 16(e), 29 U.S.C. § 216(e).

25.     To comply with the payment provisions Defendants shall deliver to the Secretary a payment of $3,137.28 starting on February 1, 2022 and continuing on the first of every month thereafter for 24 months until fully paid as specified on Exhibit B.

26.     Defendants may make the payments required by this Consent Judgment (back wages, liquidated damages plus interest as applicable) online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD Back Wage Payment - WE Region".  Payments shall reference BW Case Number # 1922793.

CONSENT JUDGMENT RE: RELIABLE DELIVERY SERVICE, INC.,
Dale Kirk, Steven Kirk, Tracy Acosta, as individuals and managing agents for the corporate defendant

7

27.     Defendants shall have the option to make the payments earlier than scheduled, in which event they will only be liable for interest accrued to date.

28.     The Secretary shall allocate and distribute the funds described in paragraphs 22 and 23 less deductions for employees' share of social security, Medicare and withholding taxes on the back wage amounts to the persons named in the attached Exhibit A, or to their estates if that be necessary, in his sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

29.     Within 15 days of entry of this Consent Judgment, Defendants shall deliver a schedule containing the full name of each employee listed on the attached Exhibit A, the employee's current address or last known address, home phone number, cell phone number, and other known contact information of the employee.

30.     Defendants shall comply with the FLSA for work performed in the United States, and if not already in effect at the time of entry of this judgment, shall amend and maintain their payroll practices as follows:

    a.     Defendants shall accurately record the information required by 29 C.F.R. § 516.2 in the payroll records, including, for each employee: (1) the rate(s) of pay for each of the hours worked during a workweek; (2) the start, stop, and total hours employees work each workweek; (3) the total weekly straight-time earnings due for the hours worked during the workweek; and (4) the total premium pay for overtime hours.

    b.     Defendants shall pay employees for all hours worked from the time they clock in for their shift to the time they clock out.

    c.     Defendants shall record all wages paid to employees, regardless of the manner of payment.

CONSENT JUDGMENT RE: RELIABLE DELIVERY SERVICE, INC.,
Dale Kirk, Steven Kirk, Tracy Acosta, as individuals and managing agents for the corporate defendant

8

d.  Defendants shall maintain a physical and/or electronic copy of all payroll records and time records for all employees for all work performed in the United States for Wage and Hour Division to inspect upon request.

e.  Defendants shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee, and Defendants shall not encourage workers to under-report their actual hours worked.

f.  Defendants shall not direct supervisors, employees, or payroll preparers to falsify time or payroll records in any manner including reducing the number of hours worked by employees, and Defendants shall direct supervisors and payroll providers to encourage workers to report all hours worked.

31.  On at least an annual basis, Defendants shall hire an independent third-party[1] to conduct supervisor training as to the requirements of the FLSA.  The training shall be for one session of not less than one hour with an opportunity for questions and answers and shall address the FLSA's minimum wage, overtime, record keeping, and anti-retaliation requirements, and the FLSA's requirements for classifying workers properly. All supervisors and employees who determine Defendants' employees' pay or schedules or who prepare payroll for workers who perform in the United States shall attend this training. Defendants shall maintain documentation of these trainings for a period of three years and shall provide it to representatives of the Secretary of Labor upon request. This provision shall be in effect for a period of three years from the date entry of this Judgment by the Court.

32.  Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with it, shall not in any way directly or

---

1 For purposes of this Consent Judgement, defense counsel is considered to be an independent third-party.

CONSENT JUDGMENT RE: RELIABLE DELIVERY SERVICE, INC.,
Dale Kirk, Steven Kirk, Tracy Acosta, as individuals and managing agents for the corporate defendant

9

indirectly, demand, require or accept any of the back wages from the tow truck drivers listed on Exhibit A.  Defendants shall not threaten or imply that adverse action will be taken against any individual because of their receipt of funds to be paid under this Judgment. Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

33.     Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with Defendants, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

34.     In the event of a default in the timely making of the payments specified in this Consent Judgment, the full gross amount outstanding due under this Consent Judgment, plus post-judgment interest at the rate of 10% per year from the date of this Consent Judgment until the amount of this Consent Judgment is paid in full, shall become immediately due and payable directly to the U.S. Department of Labor by certified check to the Wage and Hour Division.  For the purposes of this paragraph, a "default" is deemed to occur if payment is not delivered within five (5) calendar days of the due date.

## FURTHER, IT IS HEREBY ORDERED THAT

35.     The filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under FLSA § 216(b), 29 U.S.C. § 216(b), as to any person not named on the attached Exhibit A, nor as to any person named on the attached Exhibit A for any period not specified therein;

36.     Each party shall bear their own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not

CONSENT JUDGMENT RE: RELIABLE DELIVERY SERVICE, INC.,
Dale Kirk, Steven Kirk, Tracy Acosta, as individuals and managing agents for the corporate defendant

10

1 | limited to attorneys' fees, which otherwise may be available under the Equal

2 | Access to Justice Act, as amended;

3 |     37.    This Court shall retain jurisdiction of this action for purposes of

4 | enforcing compliance with the terms of this Judgment.

5 |     IT IS SO ORDERED.

6 |

7 |

8 | Date:   January 21, 2022

    United States District Judge

9 |     STEPHEN V. WILSON, U.S. DISTRICT JUDGE

10 |     Respectfully presented by:

11 |

12 |     SUSAN G. KUMLI
    Acting Regional Solicitor

13 |

14 |     BORIS ORLOV
    Counsel for Wage and Hour Litigation

15 |

16 |     DAVID H. CLARK
    Trial Attorney

17 |

18 | Date:   1/12/22

    KARLA MALAGÓN

19 |     Trial Attorney
    *Attorneys for Plaintiff*

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

CONSENT JUDGMENT RE: RELIABLE DELIVERY SERVICE, INC.,
Dale Kirk, Steven Kirk, Tracy Acosta, as individuals and managing agents for the corporate defendant

11

On behalf of RELIABLE DELIVERY
SERVICE, INC.

Date: 1/12/22

By: DALE KIRK

Title: Pres

Date: 1/12/22

DALE KIRK, Individually and as
managing agent of the corporate
defendant

Date: 1-12-22

STEVEN KIRK, Individually and as
managing agent of the corporate
defendant

Date: 1-12-22

TRACY ACOSTA, Individually and as
managing agent of the corporate
defendant

CONSENT JUDGMENT RE: RELIABLE DELIVERY SERVICE, INC.,
Dale Kirk, Steven Kirk, Tracy Acosta, as individuals and managing agents for the corporate defendant

12

1

2    Approved as to form,

3    JOEL BECKMAN, INC.

4    A Law Corporation

5

6

7    JOEL BECKMAN, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

CONSENT JUDGMENT RE: RELIABLE DELIVERY SERVICE, INC.,
Dale Kirk, Steven Kirk, Tracy Acosta, as individuals and managing agents for the corporate defendant

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# Exhibit A
# Employee List

| First Name | Last Name | Period Start | Period End | Back Wages | Liquidated Damages | Grand Total |
|---|---|---|---|---|---|---|
| NICHOLAS ANTHONY | ACEVEDO | 03/21/2020 | 10/17/2020 | $1,866.07 | $1,866.07 | $3,732.14 |
| JOSEPH LUIS | BONILLA | 10/27/2018 | 03/28/2020 | $2,481.00 | $2,481.00 | $4,962.00 |
| TYLER EDWARD | CASTANEDA | 10/27/2018 | 05/23/2020 | $4,280.23 | $4,280.23 | $8,560.46 |
| DAVID JOSEPH | CORTEZ | 01/11/2020 | 03/28/2020 | $588.62 | $588.62 | $1,177.24 |
| HENRY | HERRERA JR | 10/27/2018 | 12/21/2019 | $3,839.09 | $3,839.09 | $7,678.18 |
| VIRGUS DECHION | MUNNS | 06/22/2019 | 01/18/2020 | $1,166.75 | $1,166.75 | $2,333.50 |
| GUSTAVO | PALOMO | 10/27/2018 | 05/23/2020 | $4,062.12 | $4,062.12 | $8,124.24 |
| KYLE RAY | PHILLIPS | 03/23/2019 | 01/11/2020 | $502.50 | $502.50 | $1,005.00 |
| ARNOLD | QUINONEZ | 10/27/2018 | 10/17/2020 | $4,214.00 | $4,214.00 | $8,428.00 |
| JOSE FRANCISCO | RAEL JR | 10/27/2018 | 10/17/2020 | $5,866.82 | $5,866.82 | $11,733.64 |
| JOSE R | ROMERO | 10/27/2018 | 05/30/2020 | $4,555.60 | $4,555.60 | $9,111.20 |
| KEVIN ANDREW | SANDOVAL | 10/27/2018 | 06/29/2019 | $1,682.74 | $1,682.74 | $3,365.48 |
| ALFREDO | TWEED | 06/08/2019 | 08/31/2019 | $651.00 | $651.00 | $1,302.00 |
| TOTAL | | | | $35,756.54 | $35,756.54 | $71,513.06 |

CONSENT JUDGMENT RE: RELIABLE DELIVERY SERVICE, INC.,
Dale Kirk, Steven Kirk, Tracy Acosta, as individuals and managing agents for the corporate defendant

# EXHIBIT B

|  | Beginning Balance | Interest | Principal | Monthly Payment |  |
|---|---|---|---|---|---|
| 1 | $74,516.00 | $62.10 | $3,075.18 | $3,137.28 | Liquidated Damages |
| 2 | $71,440.82 | $59.53 | $3,077.75 | $3,137.28 | Liquidated Damages |
| 3 | $68,363.07 | $56.97 | $3,080.31 | $3,137.28 | Liquidated Damages |
| 4 | $65,282.76 | $54.40 | $3,082.88 | $3,137.28 | Liquidated Damages |
| 5 | $62,199.89 | $51.83 | $3,085.45 | $3,137.28 | Liquidated Damages |
| 6 | $59,114.44 | $49.26 | $3,088.02 | $3,137.28 | Liquidated Damages |
| 7 | $56,026.43 | $46.69 | $3,090.59 | $3,137.28 | Liquidated Damages |
| 8 | $52,935.84 | $44.11 | $3,093.17 | $3,137.28 | Liquidated Damages |
| 9 | $49,842.67 | $41.54 | $3,095.74 | $3,137.28 | Liquidated Damages |
| 10 | $46,746.93 | $38.96 | $3,098.32 | $3,137.28 | Liquidated Damages |
| 11 | $43,648.60 | $36.37 | $3,100.91 | $3,137.28 | Liquidated Damages |
| 12 | $40,547.70 | $33.79 | $3,103.49 | $3,137.28 | Liquidated damages and Backwages |
| 13 | $37,444.21 | $31.20 | $3,106.08 | $3,137.28 | Backwages |
| 14 | $34,338.14 | $28.62 | $3,108.66 | $3,137.28 | Backwages |
| 15 | $31,229.47 | $26.02 | $3,111.26 | $3,137.28 | Backwages |
| 16 | $28,118.22 | $23.43 | $3,113.85 | $3,137.28 | Backwages |
| 17 | $25,004.37 | $20.84 | $3,116.44 | $3,137.28 | Backwages |
| 18 | $21,887.93 | $18.24 | $3,119.04 | $3,137.28 | Backwages |
| 19 | $18,768.89 | $15.64 | $3,121.64 | $3,137.28 | Backwages |
| 20 | $15,647.25 | $13.04 | $3,124.24 | $3,137.28 | Backwages |
| 21 | $12,523.01 | $10.44 | $3,126.84 | $3,137.28 | Backwages |
| 22 | $9,396.17 | $7.83 | $3,129.45 | $3,137.28 | Backwages |
| 23 | $6,266.72 | $5.22 | $3,132.06 | $3,137.28 | Backwages |
| 24 | $134.67 | $2.61 | $3,134.67 | $3,137.28 | Backwages |
| 24 | $3,000 |  |  | $3,137.28 | Civil Money Penalties |
| Total |  | $778.69 | $74,516 | $75,294.72 |  |

CONSENT JUDGMENT RE: RELIABLE DELIVERY SERVICE, INC.,
Dale Kirk, Steven Kirk, Tracy Acosta, as individuals and managing agents for the corporate defendant

15